RENDERED: SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0577-MR

JASON FULLER — APPELLANT

v. — APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 09-CI-501328

TRISTA FULLER — APPELLEE

### OPINION
### AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE: This case involves a modification of parenting time in a domestic matter. Appellant, Jason Fuller, and Appellee, Trista Wade (Fuller) (hereinafter Father and Mother, respectively), were married in 2007. They had two sons: A.F., born in 2007, and B.F., born in 2008. A decree of dissolution of marriage was entered on July 20, 2010. Pursuant to a settlement agreement incorporated into the divorce decree, B.F. resided with Father and A.F. resided

with Mother during the week. The children spent weekends together with one or the other parent. The case before us involves the younger child, B.F.

On March 16, 2021, Mother filed a motion in Jefferson Circuit Court, Family Division Eight, to appoint a Guardian *Ad Litem* (GAL) for B.F. and to modify the parenting schedule to allow B.F. to reside primarily with her. Mother believed that B.F. might run away from home if he were forced to abide by the current parenting schedule and that it was in B.F.'s best interest that it be modified. In her supporting affidavit, Mother averred: that she was concerned for B.F.'s well-being when he was with Father; that she believed that Father had coerced B.F. into saying things he did not feel or believe; and that she believed that B.F. wanted to reside primarily in Mother's home with his siblings. Mother also stated that she knows that B.F. is lonely and unhappy in Father's home.

On June 22, 2021, Mother filed a motion for a shared 50-50 parenting schedule pending further order of the court and renewed her previous motion to appoint a Friend of the Court for B.F. prior to the hearing scheduled for July 23, 2021.

Father did not file a response to either motion.

On July 2, 2021, the court entered orders directing the parties to attend mediation and appointing Hon. James Murphy as Friend of the Court.

On July 20, 2021, Mother filed a motion for emergency sole custody of B.F. with only supervised contact to be permitted with Father. The accompanying affidavit reflects that Mother is concerned for B.F.'s well-being; that Mother believes Father bullies, intimidates, and threatens the child; and that unless she is exercising her parenting time, Father does not allow Mother any contact with B.F. Mother further stated that she does not believe that Father keeps adequate food in the house or that B.F. is adequately supervised. Mother believes that Father withholds food as punishment and that B.F. is in danger if he remains in Father's home. Mother averred that because Father was aware that she was seeking increased parenting time, he failed to present himself to the court or to respond to any motions or orders. Mother sought "temporary sole custody of B.F. until such time as [Father] presents himself . . . or otherwise participates in these proceedings."

By an order entered on July 26, 2021, the Jefferson Circuit Court, Family Division Eight, granted Mother sole temporary custody of B.F. and directed that Father's contact be supervised. The matter was set for further proceedings on September 29, 2021.

On July 29, 2021, Father, *pro se*, filed a motion in Jefferson Circuit Court, Family Division Eight, seeking "to reverse court order immediately on [B.F.] due to not receiving any court papers." Father alleged that B.F. had been

placed in a dangerous situation and requested that he be "removed as fast as possible."

A court notice filed on August 2, 2021, reflects that the case belongs to Division Four.[1] On August 2, 2021, Father's counsel filed an entry of appearance.

Ultimately, a hearing was conducted in Jefferson Circuit Court, Family Division Four (the trial court), on March 8, 2022. The trial court's Order entered on March 10, 2022, provides in relevant part as follows:

> This case came before the Court on March 8, 2022, for a hearing on [Mother's] motion to modify parenting time and on [Father's] motion to restore his parenting time. [Father] appeared with counsel . . . . [Mother] appeared with counsel . . . . The Hon. James K. Murphy was present as Friend of Court.

The trial court made detailed findings regarding the testimony presented at the hearing -- including that of the child's therapist -- and explained that:

> Parenting time can be modified at any time upon proper showing that such modification would be in the child's best interest. Pennington v. Marcum, 266 S.W.3d 759 (Ky. 2008); KRS[2] 403.320.

---

[1] By Order entered on August 10, 2021, by Jefferson Circuit Court, Family Division Four, the matter was transferred back to Division Eight where there was a new custody proceeding. By Order entered on August 17, 2021, by Jefferson Circuit Court, Family Division Eight, the case was again transferred to Division Four, due to active domestic violence cases pending there.

[2] Kentucky Revised Statutes.

Modification of visitation or timesharing is governed by KRS 403.320, rather than KRS 403.270, and different standards apply. Accordingly, the recently added presumption of joint custody and equal parenting time in KRS 403.270 does not apply to modifications of visitation or timesharing. Layman v. Bohanon, 599 S.W.3d 423 (Ky. 2020).

Pursuant to KRS 403.320(1), a parent not awarded shared parenting time is entitled to reasonable visitation unless the Court finds that such visitation would seriously endanger the child's physical, mental, moral, or emotional health.

**In this case, the Court finds that it would be in B.F.'s best interest to continue to reside with [Mother]. The Court further finds that unrestricted visitation with [Father] would seriously endanger the child's mental and emotional health**.

Accordingly, [Father] shall have therapeutic visitation with B.F. through a provider recommended by Mr. Murphy. [Father] shall pay the cost of those sessions in full.

(Emphasis added.) The court further ordered that the parties engage in individual counseling, that B.F. remain in counseling, and that both parties cooperate with and follow the recommendations of the child's therapist.

On March 21, 2022, Father filed a motion to amend and/or vacate as well as a motion for specific findings. By Order entered on May 11, 2022, the trial court denied Father's motion to alter, amend, or vacate.

Father appeals from the trial court's Orders entered on March 10, 2022, and on May 11, 2022.

Father's first argument is: "The Family Court Failed to Comply with KRS 403.280 and 403.270 and Uphold Procedural Due Process When Issuing a Temporary Custody Order With No Hearing." Father did not raise this issue in his prehearing statement. Accordingly, we will not consider it. RAP[3] 22(C)(1)(h) (formerly CR[4] 76.03(4)(h)). *Readnour v. Readnour*, 2023 WL 4830847, at *2 (Ky. App. 2023) ("We will not entertain issues not appearing in the required prehearing statement.").

Next, Father contends: "The Family Court Erred When it Failed to Apply KRS 403.270 in the March 10, 2022, Order." Although it is arguable whether this issue is adequately raised in Father's prehearing statement, we address it because Father did list issues regarding the proof required/specificity of a trial court's order limiting visitation.

As the trial court noted, the case came before it on Mother's motion to modify parenting time and on Father's motion to restore his parenting time. In *Layman v. Bohanon*, 599 S.W.3d 423 (Ky. 2020), our Supreme Court held that KRS 403.270 does not apply to modification of visitation or timesharing:

> [A] modification of visitation or timesharing is governed by KRS 403.320, rather than the standard for an initial custody determination as set forth in KRS 403.270. Accordingly, the . . . presumption of joint custody and

---

[3] Rules of Appellate Procedure.

[4] Kentucky Rules of Civil Procedure.

> equal parenting time in KRS 403.270 applies to custody determinations, but it does not apply to modifications of visitation or timesharing.

*Id.* at 431. The family court duly and correctly noted the difference between these statutes. We find no error.

Father last argues: "The Family Court Erred in Restricting [Father's] Visitation Without Finding Such Visitation Would Seriously Endanger the Child's Health." We disagree. *Layman* explains that under KRS 403.320(2), a family court:

> could modify the timesharing arrangement if it first found that the modification was in the best interests of the children, or it could restrict timesharing (i.e., order a "less than reasonable" timesharing) if it first found that the children's physical, mental, moral or emotional health was seriously endangered.

599 S.W.3d at 431.

In the case before us, the trial court made the requisite findings. At page 5 of its March 10, 2022, Order, the court found that "it would be in B.F.'s best interest to continue to reside with [Mother;]" and "that unrestricted visitation with [Father] would seriously endanger the child's mental and emotional health."

Notably, the trial court also found that Father "claimed that he tended to the child's medical care, but the Court did not find [Father's] testimony to be credible." A "family court has broad discretion in modifying timesharing." *Layman*, 599 S.W.3d at 431. We are not at liberty to re-evaluate its exercise of

discretion and its conclusion as to witness credibility. "Deciding which witness to believe is within the sound discretion of the family court as fact-finder; we will not second-guess the family court[.]" *Hunter v. Mena*, 302 S.W.3d 93, 98 (Ky. App. 2010). We find no error.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

John H. Helmers, Jr.
Melina Hettiaratchi
Louisville, Kentucky

BRIEF FOR APPELLEE:

Dennis C. Burke
Louisville, Kentucky